66 F.3d 347
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerry L. WEBB, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3450.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1995.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 The Merits Systems Protection Board affirmed the Department of Veterans Affairs' removal of Mr. Jerry Webb. Because substantial evidence supports the removal, this court affirms.
 
 
 2
 The Department removed Mr. Webb for: (1) sleeping on duty, (2) insubordination, and (3) being absent without leave (AWOL). These charges arise from two incidents.
 
 
 3
 On May 17, 1994, Officer Mazuca found Mr. Webb asleep at his duty position. He detected alcohol on Mr. Webb's breath and reported the situation to his supervisor, Mr. Deschenes. Mr. Deschenes also detected alcohol on Mr. Webb's breath and ordered him to the "ER" (employee health unit) for a fitness-for-duty examination. Mr. Webb did not report to the ER or return to duty. As a result, the Department suspended Mr. Webb for 14 days.
 
 
 4
 On June 29, 1994, Messrs, Deschenes and Mazuca observed Mr. Webb through a window because the boiler plant facilities were locked. Mr. Webb was "laid back" across two chairs with his eyes closed, his shoes, off, and his pants unbuttoned. They also noticed that Mr. Webb had neglected his duties: the boiler plant's gauges had not been read and recorded, and the incinerator had not been operated. Mr. Deschenes again ordered Mr. Webb to report to the ER and then return to his duty post. He again failed to report to the ER or to return to his duty post.
 
 
 5
 Under 5 U.S.C. Sec. 7703(c) (1994), this court may not set aside a decision by the MSPB unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. The Board's penalty decision must be affirmed unless the decision was grossly disproportionate and an abuse of discretion. Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984).
 
 
 6
 To sustain an adverse action before the Board, an agency must establish by a preponderance of the evidence the factual basis for the conduct charged. Further, the disciplinary action, based on the proven conduct, must promote the efficiency of the service. 5 U.S.C. Secs. 7513(a), 7701(c)(1)(B) (1994). Douglas v. Veterans Admin., 5 M.S.P.R. 280, 302-03, 306 n. 67, 307-08 (1991).
 
 
 7
 Witness statements, including written statements by Messrs. Deschenes and Mazuca, showed that Mr. Webb was sleeping on duty. The Board found that this sleeping endangered other people and property. Mr. Deschenes offered testimony that Mr. Webb did not report to the ER as ordered. The Board found Mr. Webb's refusal to report to the ER for a fitness-for-duty examination to be insubordinate. Mr. Webb conceded he was AWOL.
 
 
 8
 The Board found Mr. Webb's removal reasonable because sleeping on duty, insubordination, and AWOL hinder the efficiency of the service. See Farrier v. Department of Veterans Affairs, 60 M.S.P.R. 71, 74 (1993) (removal for failure to follow orders and AWOL promotes the efficiency of the service); Walker v. Veterans Admin., 12 M.S.P.R. 491, 493 (1992) (sleeping while on duty is inherently disruptive to the efficiency of the service and warrants discipline).
 
 
 9
 Mr. Webb alleged disparate treatment. Mr. Alvarez, Chief of Engineering, and Mr. Deschenes admitted that other Engineering Service employees found sleeping on duty were not removed. These other employees, however, had completed their tasks, had worked long hours at the time, and had no fitness-for-duty issues.
 
 
 10
 The Board thus found that Mr. Webb's penalty was not disparate. Disparity is only one factor for consideration in a penalty determination, and provides no basis for reversal or mitigation where the assessed penalty is otherwise warranted by the circumstances. See Quander v. Department of Justice, 22 M.S.P.R. 419, 423 (1984), aff'd, 770 F.2d 180 (Fed.Cir.1985) (unpublished decision).
 
 
 11
 The Board's decision is not arbitrary, capricious, an abuse of discretion or otherwise contrary to law, and is supported by substantial evidence. Therefore, this court affirms the Board's decision.